# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| IAN HARRIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CV414-039 |
| UNITED STATES MARSHAL, | ) ) ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Inmate Ian Harris, a 28 U.S.C. § 1915(g) three-striker, has submitted for filing a *"Bivens"* complaint. Doc. 1. He seeks eighteen trillion dollars from the U.S. Marshal for "not filing the criminal charges I asked them to in my letters" to them. Doc. 1 at 4. He also seeks leave to proceed *in forma pauperis* (IFP). Doc. 2. Ordinarily, he would be required to pay $350 to file this case. 28 U.S.C. § 1914. But indigent prisoners may avoid prepayment of the filing fee if they proceed IFP under 28 U.S.C. § 1915. Serial-filers, however, must surmount § 1915(g):

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or

fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

A prisoner barred from proceeding IFP due to § 1915(g)'s "three strikes" provision must pay the complete $350 filing fee when he initiates suit. *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001). Therefore, the proper procedure for a district court faced with a prisoner who seeks IFP status but is barred by the "three strikes" provision is to dismiss the complaint without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

As noted in *Harris v. Augusta State Medical Prison*, CV114-031, doc. 3 (S.D. Ga. Feb. 20, 2014), plaintiff has at least three strikes under § 1915(g). *Id.* at 3. Accordingly, without a showing of "imminent danger of serious physical injury," his complaint is subject to dismissal. To fit within the "imminent danger" exception, Harris must make "specific allegations of present imminent danger that may result in serious physical harm." *Skillern v. Jackson*, 2006 WL 1687752 at *2 (S.D. Ga. June 14, 2006) (citing *Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004)).

General and conclusory allegations not grounded in specific facts will not suffice. *Margiotti v. Nichols*, 2006 WL 1174350 at *2 (N.D. Fla. May 2, 2006). Nor can "a prisoner . . . create the imminent danger so as to escape the three strikes provision of the PLRA.'" *Ball v. Allen*, 2007 WL 484547 at *2 (S.D. Ala. Feb. 8, 2007) (citing *Muhammad v. McDonough*, 2006 WL 1640128, at *1 (M.D. Fla. June 9, 2006)). In this case, Harris' claims have nothing to do with his current confinement. And nowhere does he allege that he faces any sort of present danger, imminent or otherwise.

Because Harris is three-strikes barred, his complaint, which is otherwise facially frivolous, should be **DISMISSED WITHOUT PREJUDICE**.

**SO REPORTED AND RECOMMENDED** this __13th__ day of March, 2014.

_/s/ J.R. Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA